UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRENDA R.,

            Plaintiff,

v.                                             5:20-cv-0735 (ML)

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

_____

APPEARANCES:                                   OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      ANTHONY J. ROONEY, ESQ.
  Counsel for the Plaintiff
269 Reserve Road
West Seneca, New York 14224

SOCIAL SECURITY ADMINISTRATION          TIMOTHY SEAN BOLEN, ESQ.
  Counsel for the Defendant                         Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

       Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

argument was heard in connection with those motions on February 28, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 19) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 20) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 3, 2022
      Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
BRENDA R.

vs.                    5:20-CV-0735

KIJAKAZI
.


_____



              Transcript of Order and Decision
                   February 28, 2022




        The HONORABLE MIROSLAV LOVRIC Presiding.




                    A P P E A R A N C E S


For Claimant:         ANTHONY ROONEY, ESQ.


For Defendant:        TIMOTHY BOLEN, ESQ.


                 Ruth I. Lynch, RPR, RMR, NYSRCR
                 Official United States Court Reporter
                    Binghamton, New York  13901
```

1            THE COURT:  Well, let me begin by indicating first
2  that the plaintiff has commenced this proceeding pursuant to
3  Title 42 United States Code Sections 405(g) and 1383(c) to
4  challenge the adverse determination by the Commissioner of
5  Social Security finding that she was not disabled at the
6  relevant times and therefore ineligible for the benefit that
7  she sought.
8            By way of background, the Court sets forth the
9  following fact and factors.
10           First, plaintiff was born in 1973.  She is
11 currently approximately 48 years of age.  She was 41 years
12 old at the alleged onset of her disability on June 25th of
13 2015.
14           Plaintiff lives with her two adult sons in
15 Syracuse, New York.  She has a driver's license but can no
16 longer drive herself because of an issue with her leg.
17           Plaintiff stands approximately five feet one inch.
18           Plaintiff has an 11th grade education and is not a
19 high school graduate.
20           Plaintiff's work history includes that plaintiff
21 has not engaged in substantial gainful activity since
22 June 25 of 2015, the alleged onset date, and her past work
23 experience was as a housekeeping cleaner.  Transferability
24 is not an issue because the plaintiff's past relevant work
25 is unskilled.

1           Plaintiff suffers from the following severe
2  impairments:  Degenerative disc disease of the lumbar spine;
3  lumbar radiculopathy; right posterior tibial tendinitis,
4  status post osteotomy of the right heel bone; and obesity.
5  She states that she has been -- that she has disabling back
6  injury with symptoms of chronic back pain and lower
7  extremity inflammation.
8           Plaintiff is prescribed the following medications:
9  Cyclobenzaprine, Diclofenac, tramadol, VINOCA, Xanax, and
10 oxymorphone.
11          Plaintiff states that she is limited performing
12 light activities and that her children help her with
13 household tasks when needed.
14          Procedurally, the Court notes the following as far
15 as the procedural history of this case:
16          Plaintiff applied for Title II and Title XVI
17 benefits on June 29 of 2015, alleging an onset date of
18 June 25th of 2015.
19          In support of her claim for disability benefits,
20 plaintiff claims disability based on lumbar spine
21 impairments that prevent her from sitting and standing for
22 extended periods of time and prevent her from lifting.
23          Administrative Law Judge Jeremy G. Eldred
24 conducted a hearing on November 2nd, 2017, to address
25 plaintiff's application for benefits.  ALJ Eldred issued an

1   unfavorable decision on March 16th of '18.
2           On December 19th of 2018, the Social Security
3   Administration Appeals Council denied plaintiff's
4   application for review.  Plaintiff appealed to the U.S.
5   District Court for the Northern District of New York, where
6   the parties stipulated to a remand on August 21st of 2019.
7           On September 25th, 2019, the Appeals Council
8   issued a remand order.  A second hearing was held on
9   February 3rd of 2020.  ALJ Eldred issued a second
10  unfavorable decision on March 6th of 2020.
11          This action was commenced on July 1st of 2021 and
12  is timely.
13          In his decision, ALJ Eldred applied the familiar
14  five-step test for determining disability.  See
15  administrative transcript record at pages 499 through 510.
16          At step one, he concluded that plaintiff had not
17  engaged in substantial gainful activity since June 25 of
18  2015, the alleged onset date of disability.
19          At step two, he concluded that plaintiff suffers
20  from severe impairments that impose more than minimal
21  limitations on her ability to perform basic work activities,
22  specifically degenerative disc disease of the lumbar spine,
23  quote/unquote back injury; lumbar radiculopathy; right
24  posterior tibial tendinitis; status post osteotomy of the
25  right heel bone; and obesity.  The ALJ also considered the

1  mental impairment of anxiety disorder.
2          At step three ALJ Eldred concluded that
3  plaintiff's conditions do not meet or medically equal any of
4  the listed presumptively disabling conditions set forth in
5  the Commissioner's regulations, and focusing on
6  listing 1.02, which was a listing regarding major
7  dysfunction of a joint; listing 1.03, which is
8  reconstructive surgery or surgical arthrodesis of a major
9  weight bearing joint; also listing 1.04, which is disorders
10 of the spine; and listing 11.14, which is a listing
11 regarding peripheral neuropathy.
12         At step four, the ALJ next determined that
13 plaintiff obtains the residual functional capacity, also
14 known as RFC, to perform the full range of sedentary work as
15 defined in 20 CFR sections 404.1567(a) and 416.967(a).
16         The ALJ concluded that plaintiff could not perform
17 her past relevant work as a cleaner.  The ALJ therefore
18 proceeded to step five.
19         At step five the ALJ concluded that based on RFC
20 for the full range of sedentary work and considering
21 plaintiff's age, education, and work experience, a finding
22 of not disabled was directed by Medical-Vocation
23 Rules 201.24 and 201.18.
24         Now, as the parties know, the Court's functional
25 role in this case is limited and extremely deferential.  I

1  must determine whether correct legal principles were applied
2  and whether the determination is supported by substantial
3  evidence, defined as such relevant evidence as a reasonable
4  mind would find sufficient to support a conclusion.  As the
5  Second Circuit noted in Brault V. Social Security
6  Administration Commissioner, that's found at 683 F.3d 443, a
7  2012 case, the Second Circuit noted the standing is
8  demanding, more so than the clearly erroneous standard.
9           The Court also noted in Brault that once there is
10 a finding of fact, that fact can be rejected only if a
11 reasonable fact-finder would have to conclude otherwise.
12          Now, generally speaking plaintiff raises two
13 arguments on appeal.  First, plaintiff argues that the ALJ
14 erred in assigning significant weight to Dr. Ganesh.
15 Plaintiff argues that Dr. Ganesh examined her more than four
16 years before the hearing and her condition deteriorated
17 thereafter.  Plaintiff also argues that Dr. Ganesh did not
18 have any images of plaintiff's spine when she evaluated
19 plaintiff.  In addition, plaintiff argues that the ALJ did
20 not follow the Appeals Council's remand order to complete
21 the administrative record in accordance with the regulatory
22 standards regarding consultative examinations and medical
23 evidence.
24          Second, plaintiff argues that the ALJ improperly
25 evaluated her subjective complaints because, in addition to

 1   difficulty lifting, walking, and standing, she had problems
 2   sitting for prolonged periods of time and needed to change
 3   position.  Plaintiff argues that the ALJ discounted her
 4   subjective complaints because she testified to driving and
 5   doing housework, but plaintiff also reported that she
 6   required breaks and needed the assistance of others for many
 7   of these activities.
 8           The Court provides the following analysis in
 9   connection with this case.  An RFC represents plaintiff's
10   maximum ability to perform sustained work activities in an
11   ordinary setting on a regular and continuing basis, meaning
12   eight hours a day for five days a week, or an equivalent
13   schedule.  An RFC determination is informed by consideration
14   of all relevant medical and other evidence and, of course,
15   to pass muster, must be supported by substantial evidence.
16           Because the application in this case was filed
17   before March 27th of 2017, the regulations that were in
18   effect at that time control the weight to be given to
19   medical opinions.
20           Here, the ALJ explained his reasoning for
21   assigning significant weight to the opinion of Dr. Ganesh
22   that plaintiff had, quote/unquote, no gross limitations in
23   sitting, standing, and walking, and mild limitations in
24   lifting, carrying, pushing, and pulling, end of quote.  See
25   administrative transcript at page 508.

1          The ALJ noted that Dr. Ganesh examined plaintiff
2   and her findings, quote, are generally consistent with the
3   claimant's chronic pain, medical imaging, and presentation
4   during physical examinations, end quote.  The ALJ explained
5   that he did not give greater weight to this opinion of
6   Dr. Ganesh because the finding that the claimant has no
7   limitations in standing and walking is inconsistent with the
8   claimant's history of chronic pain, obesity, and lower
9   extremity impairments.
10         The Court also notes that the ALJ's RFC was more
11  restrictive than Dr. Ganesh's opinion.  Quote:  Remand is
12  generally not warranted where the ALJ's RFC finding is more
13  restrictive than the limitations set forth in the medical
14  opinion of record.  See Lesanti versus Commissioner of
15  Social Security, 19-CV-0121, that can be found at 2020 West
16  Law 500986 at page 6, and that's a Western District New York
17  January 30th of 2020 case.  And in that case, quote, there
18  is nothing improper about an ALJ considering medical opinion
19  evidence that assesses, say, few or no exertional
20  limitations, and then relying in part on the combined force
21  of other record evidence, such as a claimant's subjective
22  testimony, to nevertheless choose to assign certain
23  limitations that result in a more restrictive RFC finding,
24  end of quote.  See also Tammy Lynn B. versus Commissioner of
25  Social Security, 382 F.Supp 3d 184 at page 195, and that's a

Northern District New York 2019 case.

Here in this case, the ALJ applied more physical limitations than Dr. Ganesh recommended. For example, Dr. Ganesh opined that plaintiff had mild limitations in lifting, carrying, pushing, and pulling, see administrative transcript at page 508, while the ALJ limited plaintiff to sedentary work which under 20 CFR sections 404.1567(a) and 416.967(a), which limits her to lifting and carrying no more than 10 pounds and occasionally lifting or carrying articles like docket files, ledgers, and small tools.

In addition, although Dr. Ganesh did not consider images of plaintiff's spine in formulating the opinions regarding plaintiff's limitations, a consultative examiner is not required to obtain or review laboratory reports or treatment records. See Wright V. Berryhill, 687 Fed Appendix 45 at page 48, that's a Second Circuit 2017 case. Moreover, as defendant set forth in her brief, the images of plaintiff's lumbar spine exist in the record alongside observations of generally normal physical functioning. See Amos V. Commissioner of Social Security, 18-CV-1367, that's a 2020 West Law at 1493888 at pages 4 through 5, a Western District New York March 27th of 2020 case; and therein holding that the opinion of a consultative examiner who did not review the plaintiff's MRI could constitute substantial evidence to support the ALJ's physical RFC determination,

1   where physicians who did have access to the MRI consistently
2   reported normal findings on examination and did not provide
3   any functional limitations in their reports.
4           Further, this Court notes that the remand order
5   stated that additional evidence may include, if warranted
6   and available, an appropriate physical consultative
7   examination and medical source statement about what the
8   claimant can still do despite the impairments.  As a result,
9   the ALJ had discretion to further develop the record with an
10  updated consultative examination, and the ALJ did not err by
11  electing not to do so.
12          Now turning to the next issue, if the plaintiff
13  has an impairment that could reasonably be expected to cause
14  her alleged symptoms, then the ALJ must consider but not
15  necessarily accept the alleged symptoms.  See 20 CFR
16  sections 404.1529(c)(1) and 416.929(c)(1).
17          Here in this case, when analyzing the subjective
18  claims of a plaintiff, the ALJ followed SSR 16-3p, which
19  details a two-step analysis.  At step one, the ALJ
20  determined that plaintiff has medically determinable
21  impairments that can reasonably be expected to cause the
22  symptoms that she described.
23          At step two, the ALJ evaluated the intensity and
24  persistence of plaintiff's symptoms and determined that the
25  evidence does not fully support her allegations regarding

1   the extent of the functional limitations caused by other
2   symptoms.  For example, the ALJ noted that plaintiff could
3   bathe herself and clean her home and do laundry in 2015;
4   that she walked for exercise; and, with some assistance from
5   her children, cooked and did laundry.  In addition, the ALJ
6   stated that during plaintiff's most recent pain management
7   appointment in January 2020 her back pain was only mild to
8   moderate in severity and that she presented as comfortable,
9   with a normal gait, normal posture, no muscle spasms, no
10  muscle atrophy of the lower extremity, and normal strength
11  and sensation.  See administrative transcript at page 501.
12          The ALJ properly evaluated plaintiff's subjective
13  complaints.
14          In conclusion, it's the decision of this order,
15  this Court, I should say, that I find that correct legal
16  principles were applied and substantial evidence supports
17  the ALJ's determination.  As a result, plaintiff's motion
18  for judgment on the pleadings is denied; defendant's motion
19  for judgment on the pleadings is granted; plaintiff's
20  complaint is dismissed; and the Commissioner's decision
21  denying plaintiff benefits is hereby affirmed.
22                          - - - - -
23
24
25